[No. 35366. Department One. November 20, 1959.]

*In the Matter of the Application of* FRED WILLIAM JAMES *for a Writ of Habeas Corpus.*[1]

*Irving C. Paul, Jr.* and *Henry Opendack,* for petitioner.

*Charles O. Carroll* and *Frank L. Sullivan,* for respondent.

PER CURIAM.—Fred William James was found guilty of assault in the third degree (a misdemeanor), and, by a judgment and sentence dated March 6, 1959, adjudged guilty of that crime and sentenced to the King county jail for

" . . . one year and to pay a fine of $1000 4 months of Jail Sentence and imposition of Said fine and costs sus-

[1]Reported in 346 P. (2d) 314.

pended on condition that defendant shall not molest his wife."

A warrant of commitment to the sheriff of King county issued on that date.

March 31, 1959, the defendant gave notice of appeal. Bond on appeal was fixed at five thousand dollars; James was unable to provide a bond on appeal.

The sheriff immediately returned the warrant of commitment. Since March 31, 1959, James has been held in the King county jail—not under said warrant of commitment, but as one appealing from a judgment of conviction and unable to furnish bail (see RCW 10.73.040). The appeal has been at all times since March 31, 1959, and is now pending in this court, being No. 35128 in our records.

Parenthetically, had this appeal been prosecuted with diligence, it could have been argued in September, and, in all probability, determined before this.

James filed an original application in this court for a writ of *habeas corpus* on October 19, 1959, contending that with "good time" credits he had served the entire term for which he had been sentenced.

The application came on for hearing before department one of this court on November 6, 1959. We are satisfied (1st) that the appellant has not been serving his sentence since March 31, 1959, when he gave notice of appeal; and (2nd) that if he had been serving his sentence, the application for the writ made on October 19, 1959, was premature, inasmuch as we cannot take judicial notice of the "good time" regulations of the King county jail.

We are, however, greatly concerned with the fact that a year, with four months suspended, is eight months, and that it is now eight months since March 6, 1959. If James' conviction is affirmed, it is entirely possible that the time spent in jail pending the determination of his appeal should be credited on the sentence. (That question is not presently before us, and we do not decide it.) The time spent in jail, pending the appeal, now exceeds the portion of the sentence remaining unserved.

If the conviction is reversed and the case remanded for a new trial, additional jail time would be involved, if James was unable to post bail pending a new trial.

 While we cannot grant the writ of *habeas corpus* requested, we can accomplish the same purpose by releasing James on his personal recognizance by order entered on our own initiative in the appeal proceeding (No. 35128), where we have unquestioned authority to determine what the bond shall be on an appeal.

Writ denied.

Prisoner ordered released on his personal recognizance.